### BLANKENSHIP et al. v. WESTERN UNION TELEGRAPH CO.

### Civil Action No. 177.

District Court, S. D. West Virginia.
Aug. 10, 1946.

266

Kingdon & Kingdon, by Frederick T. Kingdon, all of Mullens, W. Va., for plaintiffs.

Strother & Christie, of Welch, W. Va., and Fitzpatrick, Strickling & Marshall, by A. A. Bolen, all of Huntington, W. Va., for defendant.

MOORE, District Judge.

The complaint in this case sets out the following facts:

Complainants, a partnership composed of two parties and referred to as the Guyandotte Hotel, on September 29, 1942, entered into an agreement with respondent, The Western Union Telegraph Company, for the establishment of a branch office of Western Union to be operated by complain-ants in Mullens, West Virginia. The complainants, by necessary inference from the facts pleaded, conduct a hotel business contemporaneously with the operation of the telegraph agency, which is located in the hotel. By the terms of the agreement, complainants were to receive, as compensation, forty per cent (40%) of the charges on outgoing paid and incoming collect telegrams, together with small payments for cablegrams and radiograms; and by supplemental agreement, a portion of the above compensation was allotted to rental charges for office space and the remainder was to constitute remuneration for personal services.

Complainants agreed to permit the display of such signs as respondent might furnish relating to its business, to keep the necessary blank forms for telegrams and cablegrams available during the usual business hours for use of the general public, and to endeavor to increase the business of respondent.

The agreement was to continue in full force for a period of one year and could be cancelled before its expiration only in the event complainants violated the terms in some manner. Thereafter it was to extend indefinitely, and could be cancelled by either party on sixty days notice. It is still in effect.

Complainants seek a declaratory judgment fixing their status under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., contending that they occupy the relationship of employees of respondent and are entitled to benefits of the Act.

Respondent moves to dismiss the complaint on the following grounds: First, that the definition of the word "employee," as set out in the Fair Labor Standards Act, would preclude a partnership from relief thereunder; and secondly, that if a partnership is entitled to relief, complainants are not employees within the terms and meaning of the Act.

The Fair Labor Standards Act defines the word "employee" as follows: "'Employee' includes any individual employed by an employer." Title 29 U.S.C.A. § 203(e). Numerous cases have recognized that this legislation is remedial in

nature and should be given a liberal construction. United States v. Rosenwasser, 1945, 323 U.S. 360, 65 S.Ct. 295, 89 L.Ed. 301; Helena Glendale Ferry Co. v. Walling, 8 Cir., 1942, 132 F.2d 616; Fleming v. Hawkeye Pearl Button Co. et al., 8 Cir., 1940, 113 F.2d 52. There can be no doubt that such a construction is imperative, but this does not require an interpretation of the Act that is opposed to its obvious intent and purpose. A consideration of the pleadings reveals that the work carried on for respondent was done by a partnership known as the Guyandotte Hotel, the quantum of labor performed individually by the partnership members not appearing. It is averred that complainants have employed a telegraph and teletype operator to perform some of the services required of them. Evidently the dominant business of complainants is the operation of a hotel. The telegraph agency is merely incidental to the main enterprise. It does not seem reasonable that a partnership arrangement such as the one involved in this case can be termed an individual. The term "includes," or words of similar import, are not necessarily words of enlargement. Montello Salt Company v. People of State of Utah, 1911, 221 U.S. 452, 31 S.Ct. 706, 55 L.Ed. 810, Ann.Cas.1912D, 633. Even construing the term as a word of enlargement, it seems clear that the Act was not intended to cover such an arrangement as the one involved here, since a statute must be construed in the light of its purpose, and consideration must be given to the evil sought to be remedied. Stewart v. Kahn, 1870, 78 U.S. 493, 11 Wall. 493, 20 L.Ed. 176. Any other construction would permit a partnership to make many similar agency contracts with various parties, claim the benefits of the Act as to each employment, and thereby defeat its honest purpose. This does not mean that a situation could not arise in which a member of a partnership, in an individual capacity, would be entitled to relief under the Act; but a partnership, as such, cannot be termed an "individual," so as to reap its benefits.

Even though a partnership, as such, were deemed an employee under the Act, the complainants would not be entitled to relief in the instant case. The facts establish the relationship of independent contractors, rather than that of employer and employee. The most frequent test used by the courts in determining the relationship, inter partes, necessitates an inquiry into the degree of control and supervision that could have been exercised by the respondent over the activities of the complainants in the operation of the enterprise. Walling v. Todd, D.C.,1943, 52 F.Supp. 62, 64, Restatement, Agency, Section 220. It is true that some measure of control was imposed by the contract in the instant case, as regards the hours that the agency was to be available for public use, but I do not deem this alone sufficient to create the employee relationship. The complaint does not indicate that any substantial control is exercised over the complainants as to the mode of doing the work. On the contrary, it appears that complainants are at liberty to delegate the greater portion of their duties to others, and that respondent is concerned principally in the end to be achieved, rather than in the manner of its achievement. "The true test of a contractor is that he renders services in the course of an independent occupation representing the will of his employer only as to the result of his work and not as to the means by which it is accomplished." Walling v. Todd, supra.

It must be conceded that in some instances the courts have not relied entirely upon the common law tests in determining the relationship under the Fair Labor Standards Act. Walling v. American Needlecrafts, Inc., 6 Cir., 1943, 139 F.2d 60; Fleming v. Demeritt Co., D.C., 1944, 56 F. Supp. 376. A careful examination of these cases reveals that they deal with situations unlike the one presented by the instant case. Application of the test or guide outlined in these cases to the facts in this case does not alter the conclusion that complainants are not employees within the terms and meaning of the Act.

For the foregoing reasons, the motion to dismiss the complaint will be sustained. An order may be entered in accordance herewith.